UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FT. LAUDERDALE DIVISION

Case No. 0:23-cv-60464

ANDREW GIANINO,
SARA GIANINO,
Individuals,

    Plaintiffs,

v.

BROWARD AUTOMOTIVE, INC.
d/b/a AUDI CORAL SPRINGS,
A Florida Corporation,

    Defendant.
_____/

**COMPLAINT AND DEMAND
FOR JURY TRIAL**

Plaintiffs, ANDREW and SARA GIANINO, ("**Plaintiffs**") bring this action against BROWARD AUTOMOTIVE, INC. d/b/a AUDI CORAL SPRINGS ("**Defendant**" or "**Dealership**", under the Consumer Leasing Act ("**CLA**"), 15 U.S.C. § 1667, and its implementing regulations, 12 C.F.R. § 1013 *et seq.* ("**Regulation M**").

**JURISDICTION AND VENUE**

1. The Court has federal question jurisdiction under 28 U.S.C. § 1331 because the claim arises from the CLA, a federal statute. 15 U.S.C. § 1667d(c).

2. Venue is proper before this Court because the acts and transactions

giving rise to Plaintiffs' action occurred in this district, Plaintiffs resides in this district, and Defendant transacts business in this district.

## PARTIES

3. Plaintiffs are each a natural person who at all relevant times resided in Broward County, Florida.

4. Defendant is a Florida corporation and was at all relevant times herein was doing business in Broward County, Florida.

## NATURE OF ACTION

5. As one district court recognized, "Congress enacted the CLA as an amendment to the [Truth in Lending Act ("**TILA**")] and [thereby] extended the TILA's 'credit disclosure requirements to consumer leases.'" *Clement v. Am. Honda Fin. Corp.*, 145 F. Supp. 2d 206, 209 (D. Conn. 2001) (*quoting Turner v. Gen. Motors Acceptance Corp.*, 180 F.3d 451, 454 (2d Cir. 1999)).

6. The TILA—and, by extension, the CLA—was put in place to protect consumers from obfuscation or misinformation in credit and lease transactions.

7. Congress recognized and sought to remedy the information imbalance in such transactions, particularly for inexperienced or uninformed consumers lacking the financial shrewdness of those companies responsible for extending credit.

## THE CLA

8. "Passed by Congress as an amendment to the Truth in Lending Act [], the CLA purports 'to assure a meaningful disclosure' of personal property lease terms to 'enable the lessee to compare more readily the various lease terms available to him [and] limit balloon payments in consumer leasing.'" *Gaydos v. Huntington Nat. Bank*, 941 F. Supp. 669, 672 (N.D. Ohio 1996) (*quoting* 15 U.S.C. § 1601(b)).

9. The CLA's primary purpose is to:

> "assure a meaningful disclosure of the terms of leases . . . so as to enable the lessee to compare more readily the various lease terms available to him." 15 U.S.C. § 1601(b). Because lease financing had become recognized as an alternative to credit financing and installment sales contracts, Congress also intended CLA disclosure requirements to "enable comparison of lease terms with credit terms where appropriate." Id. The CLA thus requires lessors of personal property subject to its provisions to make specified disclosures when a lease is entered into. *See* 15 U.S.C. § 1667a (consumer lease disclosures).

*Turner*, 180 F.3d at 454.

10. Accordingly, the TILA's "strict liability standard attaches to violations of CLA disclosure requirements as well." *Gaydos*, 941 F. Supp. at 672.

11. Equally important, "[t]he TILA reflects a transition in congressional policy from a philosophy of 'Let the buyer beware' to one of 'Let the seller disclose.'" *Layell v. Home Loan & Inv. Bank, F.S.B.*, 244 B.R. 345, 350 (E.D. Va. 1999) (*quoting Mourning v. Family Publications Serv., Inc.*, 411 U.S. 356, 377 (1973)).

12. Given the CLA's enactment within the same statutory structure, this

philosophy applies with equal force to the CLA and Regulation M.

13. The CLA and Regulation M require that disclosures in a consumer lease be made in a clear and conspicuous manner.

14. Certain disclosures described in Regulation M also must be made in a "segregated" manner:

> The following disclosures shall be segregated from other information and shall contain only directly related information: §§ 1013.4(b) through (f), (g)(2), (h)(3), (i)(1), (j), and (m)(1). The headings, content, and format for the disclosures referred to in this paragraph (a)(2) shall be provided in a manner substantively similar to the applicable model form in appendix A of this part.

12 C.F.R. § 1013.3(a)(2)

15. Those disclosures that must be "segregated from other information" include the following:

> **(i) Purchase option.** A statement of whether or not the lessee has the option to purchase the leased property, and:
>
>> **(1) End of lease term.** If at the end of the lease term, the purchase price[.]

12 C.F.R. § 1013.4.

## FACTUAL ALLEGATIONS

16. In February of 2019, Plaintiffs leased a new 2019 Audi A420T ("**Vehicle**") from Defendant.

17. The Vehicle was leased under a Closed End Motor Vehicle Lease

("**Lease**"). A copy of the lease is attached as Exhibit A.

18. In the Lease, Defendant provided Plaintiffs with the option to buy the Vehicle at the end of the lease term: "You have an option to purchase the Vehicle at the end of the lease term for $25,795 and a Purchase Option Fee of N/A" *Id*. ¶ 6.

19. The total buyout option price was $25,795.

20. The Lease did not disclose any other fees or costs to be added to the purchase price for Plaintiffs to exercise the purchase option at the end of the Lease.

21. Plaintiffs reasonably relied on these terms, including the purchase option price, when agreeing to the Lease.

22. At the end of the lease term, Plaintiffs contacted the lease servicer and asked about the process to buy the Vehicle.

23. The lease servicer directed Plaintiffs to buy the Vehicle through Defendant.

24. In April of 2022, Plaintiffs visited Defendant to exercise the purchase option at the end of the lease term.

25. However, to Plaintiffs' surprise, Defendant charged Plaintiffs $27,690 to buy the Vehicle and charged Plaintiffs a $999.00 "Predelivery Service Charge" and a $236.47 "PRIVATE TAG AGENCY FEE."

26. The $999.00 "Predelivery Service Charge;" and the $236.47 "PRIVATE TAG AGENCY FEE" are not official fees.

27. Upon information and belief, Defendant derives a profit from the above referenced fees.

28. In the Lease, Defendant never disclosed that the purchase option price would be $27,690 and that payment of the $999.00 "Predelivery Service Charge;" and the $236.47 "PRIVATE TAG AGENCY FEE" would be required to exercise the purchase option.

29. Defendant's failure to honor the purchase price in the Lease was the cause of Plaintiffs' harm, as Plaintiffs were left with no choice but to pay the additional fees that are contrary to the amount stated as the purchase price in the Lease.

### COUNT I AS TO DEFENDANT'S VIOLATION OF FEDERAL CONSUMER LEASING ACT 15 U.S.C. § 1667a

30. The CLA governs the disclosures in the Lease because the lease term ran for 38 months and was for less than $58,300. 15 U.S.C. § 1667(1).

31. Plaintiffs are natural persons who leased the Vehicle primarily for personal, family, and household purposes. 15 U.S.C. § 1667(1)-(2).

32. Defendant had to comply with the CLA's disclosure requirements because it was a "lessor" under the CLA.

33. Defendant has leased, offered, or arranged to lease vehicles more than five times in the preceding calendar year or more than five times in the current calendar year. 15 U.S.C. § 1667(3); Reg. M § 1013.2(h).

34. As described above, Defendant had substantial involvement in the lease transaction with Plaintiffs.

35. Upon information and belief, Defendant financially gains on the resale of the vehicle at the end of the Lease term.

36. The Lease is governed by the disclosure requirements of 15 U.S.C. § 1667a and 12 C.F.R. § 213.4.

37. The disclosure of the purchase option price in the Lease had to be accurate, clear, conspicuous, and complete. 12 CFR § 1013.3(a).

38. Defendant violated 15 U.S.C. § 1667 and 12 CFR § 1013.4(i) by choosing not to disclose in the purchase option price that payment of $27,690 was required to buy the Vehicle, nor that payment of the $999.00 "Predelivery Service Charge" and the $236.47 "PRIVATE TAG AGENCY FEE" were required to exercise the purchase option at the end of the lease.

39. Defendant violated 15 U.S.C. § 1667 and 12 CFR § 1013.4(i) by choosing not to disclose in the purchase option price that payment of $27,690 to buy the Vehicle and payment of the $999.00 "Predelivery Service Charge" and the $236.47 "PRIVATE TAG AGENCY FEE" was required to exercise the purchase option at the end of the lease.

40. Defendant violated 12 CFR § 1013.3(a) because the purchase option price was unclear, inaccurate, and incomplete.

41. These omissions were material to Plaintiffs' decision to enter into the Lease, and Plaintiffs detrimentally relied on these material omissions.

42. Plaintiffs suffered financial loss in that Plaintiffs paid more than what the Lease required to buy the Vehicle.

43. Had Defendant provided an accurate, complete, and clear purchase option price in the Lease, which it was required to do, Plaintiffs would have negotiated better terms or elected declined to lease the Vehicle.

44. Defendant's illegal conduct was the actual and proximate cause of the actual damages suffered by Plaintiffs.

45. Pursuant to 15 U.S.C. § 1640, Plaintiffs is entitled to recover actual and statutory damages from Defendant, and reasonable attorney's fees and costs.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs prays for relief and judgment against Defendant as follows:

A. Actual Damages of $3,130.47, representing Plaintiffs' financial loss;

B. Statutory Damages of $2,000.00;

C. Pre-judgment and post-judgment interest, as allowed by law;

D. Reasonable attorneys' fees and costs;

E. Injunctive relief requiring Defendant to honor its obligation under its Lease agreements to sell the Leased vehicles for the price identified on the Lease

agreement; and

    F.    Such other and further relief as is just and proper.

## JURY DEMAND

Plaintiffs hereby demands a trial by jury on all issues so triable.

Respectfully submitted,

/s/ Joshua Feygin
Joshua Feygin, Esq.
FLORIDA BAR NO: 124685
Email:  Josh@JFeyginesq.com
**SUE YOUR DEALER – A LAW FIRM**
1930 Harrison Street, Suite 208 F
Hollywood, FL 33020
Telephone: (954) 228-5674
Facsimile: (954) 697-0357