UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FT LAUDERDALE DIVISION

Case No. 0:23-cv-60464

ANDREW GIANINO,
SARA GIANINO,
Individuals,

     Plaintiffs,

v.

BROWARD AUTOMOTIVE, INC.
d/b/a AUDI CORAL SPRINGS,
A Florida Corporation,

     Defendant.
_____/

## AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiffs, ANDREW and SARA GIANINO, ("Plaintiffs") bring this action against BROWARD AUTOMOTIVE, INC. d/b/a AUDI CORAL SPRINGS, under the Consumer Leasing Act ("CLA"), 15 U.S.C. § 1667, and its implementing regulations, 12 CFR § 1013 *et seq.* ("Regulation M").

### JURISDICTION AND VENUE

1.    The Court has federal question jurisdiction under 28 U.S.C. § 1331 because the claim arises from the CLA, a federal statute. 15 U.S.C. § 1667d(c).

2.    Venue is proper before this Court because the acts and transactions giving rise to Plaintiffs' action occurred in this district, Plaintiffs reside in this district, and Defendant transacts business in this district.

### PARTIES

3.    Plaintiffs are natural persons who at all relevant times resided in Broward County,

Florida.

4. Defendant is a Florida corporation and was at all relevant times was doing business in Broward County, Florida.

## FACTUAL ALLEGATIONS

5. On March 16, 2019, Defendant leased a new 2019 Audi A420T to Plaintiffs for (38) months under a Closed End Motor Vehicle Lease. Doc. 1-4.

6. The Defendant's address was 5555 North State Road 7 Coral Springs, FL 33073.

7. The lease was negotiated, drafted, and prepared by the Defendant.

8. The lease identifies the Defendant as a "lessor." *Id*. pg. 1.

9. In the lease, the Defendant provided Plaintiffs with the option to buy the vehicle at the end of the lease term: "You have an option to purchase the Vehicle at the end of the lease term for $25,795 plus a Purchase Option Fee of N/A. The purchase option price does not include official fees such as those for taxes, tags, licenses and registration." *Id.* ¶ 9.

10. The lease further provided:

> **Option to Purchase Vehicle.** You have the option to buy the Vehicle at any time from a party designated by us. If you do, you agree to re-register and re-title the Vehicle in your name no later than 30 days from the time you purchase it. If you fail to do so. We reserve the right to cancel the registration. Before the scheduled lease end, the price will be the Adjusted Lease Balance (see item 24) plus the item 9 purchase option price minus the item 7(D) Residual Value. At the scheduled lease end, the price will be the item 9 purchase option price. At either time, you must also pay the Additional Amounts Due and we will apply the Additional Credits to the amount you owe (see item 25(s)). Under this Lease, you will only be considered to have purchased the Vehicle if we assign the Vehicle's title directly to you.

*Id.* ¶ 24(e).

11. The Defendant disclosed no other fees or costs that would be added to the purchase

option price in the lease.

12. Plaintiffs reasonably relied on the purchase option price when agreeing to lease the vehicle.

13. Through a business relationship, the Defendant assigned the lease to VW Credit Leasing, LTD.

14. Towards the end of the lease term, Plaintiffs contacted VW and asked about the process to buy the vehicle.

15. VW directed Plaintiffs to buy the vehicle through Defendant.

16. On April 28, 2022, Plaintiffs visited Defendant's dealership at 5555 North State Road 7 Coral Springs, FL 33073 to exercise the purchase option at the end of the lease term.

17. The Defendant negotiated, drafted, and prepared a Retail Purchase Agreement and Retail Installment Sales Contract for the purchase of the vehicle. Exhibit A.

18. Despite the purchase option price disclosure in the lease, the Defendant charged Plaintiffs a $27,690 cash price, a $999.00 "Predelivery Service Charge," and $236.47 "PRIVATE TAG AGENCY FEE" to exercise the purchase option in the lease.

19. The Defendant required the Plaintiffs to pay the $27,690 cash price and the $999.00 "Predelivery Service Charge" and $236.47 "PRIVATE TAG AGENCY FEE" to exercise the purchase option in the lease.

20. In the lease, the Defendant never disclosed that the purchase option price to buy the vehicle would be $27,690.

21. In the lease, the Defendant also never disclosed that payment of the $999.00 "Predelivery Service Charge" and the $236.47 "PRIVATE TAG AGENCY FEE" would be required to exercise the purchase option.

22. The $999.00 "Predelivery Service Charge" and the $236.47 "Electronic Registration Filing Fee" are not official fees but profit to the Defendant.

23. Plaintiffs paid the increased purchase price and the $999.00 "Predelivery Service Charge" and the $236.47 "Electronic Registration Filing Fee" without knowing they were illegal.

24. The Defendant's failure to disclose the increased purchase option price and additional fees in the lease caused Plaintiffs' harm.

25. The Defendant forced Plaintiffs to pay the increased purchase option price and additional fees to exercise the purchase option in the lease.

## COUNT I AS TO DEFENDANT'S VIOLATION OF THE CONSUMER LEASING ACT 15 U.S.C. § 1667a

26. The lease was for 38 months and for less than $58,300. 15 U.S.C. § 1667(1).

27. Plaintiffs are natural persons who leased the vehicle primarily for personal, family, and household purposes. 15 U.S.C. § 1667(1)-(2).

28. The Defendant was a "lessor" under the CLA.

29. The Defendant was substantially involved in the negotiation, preparation, and execution of the lease with Plaintiffs.

30. The lease identifies the Defendant as a "lessor." 15 U.S.C. § 1667(3).

31. At all times relevant, the Defendant was a franchised car dealership that leased hundreds of vehicles to consumers.

32. To advance those leases, the Defendant was substantially involved in the negotiation, preparation, and execution of the leases with consumers.

33. Thus, the Defendant has leased, offered, or arranged to lease vehicles more than five times in the preceding calendar year or more than five times in the current calendar year. 15 U.S.C. § 1667(3); Reg. M § 1013.2(h).

34. Upon information and belief, the Defendant financially gains on the assignment of the lease to third-party entities, like VW, for the financing of the vehicles.

35. In negotiating and preparing leases, the Defendant follows the guidelines of the third-party entities for the financing of the transactions to secure the financial gain.

36. The lease is governed by the disclosure requirements of 15 U.S.C. § 1667a and 12 CFR § 1013.4.

37. The CLA requires that each lessor to a consumer lease provide before consummation a dated, written statement that accurately and in a clear, accurate, and conspicuous manner sets out certain descriptions, amounts, and other disclosures. 15 U.S.C. § 1667a(2).

38. The Defendant's disclosure of the purchase option price in the lease therefore had to be accurate, clear, conspicuous, and complete. 12 CFR § 1013.3(a).

39. Defendant violated 15 U.S.C. § 1667 and 12 CFR § 1013.4(i) by choosing not to disclose in the purchase option price that payment of $27,690 was required to exercise the purchase option in the lease.

40. Defendant violated 15 U.S.C. § 1667 and 12 CFR § 1013.4(i) by choosing not to disclose that payment of the $999.00 "Predelivery Service Charge" and the $236.47 "PRIVATE TAG AGENCY FEE" were required to exercise the purchase option at the end of the lease.

41. Defendant violated 12 CFR § 1013.3(a) because the purchase option price in the lease was unclear, inaccurate, and incomplete.

42. Plaintiffs detrimentally relied on these material omissions, which were material to Plaintiffs' decision to enter the lease.

43. As a direct result of the Defendant's CLA violation, Plaintiffs suffered financial loss in that they paid illegal amounts that were more than what the lease required to exercise the

purchase option.

44. Had the Defendant provided an accurate, complete, and clear purchase option price, which it was required to do, Plaintiffs would have negotiated better terms or elected declined to lease the Vehicle.

45. The Defendant's illegal conduct was the actual and proximate cause of the actual damages suffered by Plaintiffs.

46. Under the CLA, "[a]ny lessor who fails to comply with any requirement imposed under section 1667a or 1667b of this title with respect to any person is liable to such person as provided in section 1640 of this title." 15 U.S.C.A. § 1667d(a).

47. As a result, Plaintiffs are entitled to recover actual and statutory damages from Defendant, and reasonable attorney's fees and costs.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs for relief and judgment against Defendant as follows:

A. Actual Damages.

B. Statutory Damages.

C. Pre-judgment and post-judgment interest, as allowed by law.

D. Reasonable attorneys' fees and costs.

E. Injunctive relief requiring Defendant to honor its obligation under its lease agreements to sell the Leased vehicles for the price identified on the lease agreement.

F. And any other relief that is just and proper.

## JURY DEMAND

Plaintiffs demand a trial by jury on all issues so triable.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 17, 2023, I electronically filed the above document with the Clerk of Court. I also certify that the above document is being served this day on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing or in some other authorized manner for those counsel or parties who cannot receive electronically Notices of Filing.

/s/ Joshua Feygin
Joshua Feygin, Esq.
FLORIDA BAR NO: 124685

## SERVICE LIST

All counsel of record.

Respectfully submitted,

/s/ Darren R. Newhart
Darren R. Newhart, Esq.
FL Bar No: 0115546
E-mail: darren@newhartlegal.com
NEWHART LEGAL, P.A.
14611 Southern Blvd. Suite 1351
Loxahatchee, FL 33470
Telephone: (561) 331-1806
Facsimile:  (561) 473-2946

/s/ Joshua Feygin
Joshua Feygin, Esq.
FLORIDA BAR NO: 124685
Email:  Josh@JFeyginesq.com
SUE YOUR DEALER – A LAW FIRM
1930 Harrison Street, Suite 208 F
Hollywood, FL 33020
Telephone: (954) 228-5674
Facsimile: (954) 697-0357